IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE M. ARELLANO,

        Plaintiff,                        No. CIV S-10-0193 MCE GGH P

    vs.

L. GUTIERREZ,

        Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 5, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint; however, plaintiff has failed to cure the defects of the original complaint.

        As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Once again, plaintiff names as the defendant a member of the correctional staff named L. Gutierrez. Amended Complaint, p. 2.  Plaintiff is apparently accusing this individual of having had plaintiff's cellmate pack plaintiff's property when by state regulation (identified simply as "Title 15"), only correctional staff are to pack inmate property.  Id.  Because L.

Gutierrez failed to pack plaintiff's property as required, plaintiff's cellmate took plaintiff's property, identified as the following various items: Fader shoes, 40 Top Ramen chili soups; Folger's 16 oz. coffee; 6 Lever 2000 soaps; Tide laundry soap. Id. Plaintiff states that the relief he seeks in to have the items replaced or substituted and an "inju[n]ction for los[]ing my property and replacing items." Id.

It was previously explained to plaintiff that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) ("[i]n Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981),[1] the Court held that where a deprivation of property resulted from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfied the requirement of due process.") Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

In his amended complaint, plaintiff's allegation is that L. Gutierrez engaged in unauthorized conduct by not fulfilling his or her responsibility to pack plaintiff's property despite state regulation, resulting in the loss of various of plaintiff's property items to a cellmate. Thus, plaintiff once again plainly does not allege that the deprivation was authorized. Plaintiff's allegations against defendant Gutierrez within the amended complaint again do not state a

---

[1] Overruled on another ground by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 664 (1986).

1 cognizable claim for relief and will be dismissed with a recommendation that this case be
2 dismissed for plaintiff's repeated failure to state a claim.

3       "Liberality in granting a plaintiff leave to amend 'is subject to the qualification
4 that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is
5 not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting
6 Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district
7 courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are
8 not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203
9 F.3d 1122, 1129 (9th Cir. 2000).   See also, Smith v. Pacific Properties and Development Corp.,
10 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995)
11 ("a district court should grant leave to amend even if no request to amend the pleading was made,
12 unless it determines that the pleading could not be cured by the allegation of other facts."). "[A]
13 district court retains its discretion over the terms of a dismissal for failure to state a claim,
14 including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203
15 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where
16 plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges,
17 Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th
18 Cir. 2003).

19       This court has previously granted plaintiff leave to amend and plaintiff has once
20 again altogether failed to set forth a colorable claim.  It appears to the undersigned that to grant
21 further leave to amend would be patently futile.

22       Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed for
23 plaintiff's repeated failure to state a claim upon which relief can be granted.

24       These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
26 days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  Such a document should be captioned "Objections to Magistrate

2  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

3  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

4  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: May 27, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
arel0193.fr