IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE M. ARELLANO,

    Plaintiff,                    No. CIV S-10-0193 MCE GGH P

    vs.

L. GUTIERREZ,

    Defendant.                 ORDER

_____/

        On June 14, 2010, plaintiff filed a document requesting the recusal of the undersigned and a change of venue. Plaintiff contends that the court is biased against him and has engaged in an abuse of discretion and he seeks a change of venue.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

1

1  Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 488.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 491.  Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  Id.  "To provide grounds for recusal, prejudice must result from an extrajudicial source." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984), citing United States v. Azhocar, 581 F.2d 735, 739 (9th Cir.1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1213 (1979). "A judge's previous adverse ruling alone is not sufficient bias." Id., citing United States v. Nelson, 718 F.2d 315, 321 (1983).

This court's actions in this case do not support disqualification.  The actions taken were an appropriate response to filings.  The court's rulings do not reflect an extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.

Plaintiff's request for a change of venue is predicated on his mistaken and unsupported contention that he has been treated unfairly by the undersigned.  It is also misguided inasmuch as seeking an assignment of a different magistrate judge does not implicate a change of venue. The inapposite and unfounded request will be denied.

Accordingly, IT IS ORDERED that plaintiff's June 14, 2010, request for recusal and request for a change of venue are both denied.

DATED: June 28, 2010                         /s/ Gregory G. Hollows

                                             UNITED STATES MAGISTRATE JUDGE

GGH:009 - arel0193.ord